**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

FEB 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SHAUNTAE TAYLOR, | No. 12-57120 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09762-RGK |
| v. | |
| SUCHIL, in individual and official capacity as Sheriff Deputy; RAMIREZ, in individual capacity and official capacity as Sheriff Deputy, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner Shauntae Taylor appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

used excessive force against him. We review de novo a dismissal for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and for clear error the district court's underlying factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Taylor's action without prejudice because Taylor did not properly exhaust his administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules). Moreover, Taylor failed to show that administrative remedies were effectively unavailable to him. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable").

**AFFIRMED.**